UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Anayansi Barbara Perez,　　　　　　　　　　　　CASE NO.: 09-33071-RAM

　　Debtor(s).　　　　　　　　　　　　　　　　　(CHAPTER 7 CASE)

_____

WOLFGANG NOACK AND
RELIANCE PROPERTY MANAGEMENT, INC.,

　　Plaintiffs

vs.

ANAYANSI BARBARA PEREZ,

　　Defendant

_____/

10-02118-RAM

COMPLAINT OBJECTING TO DISCHARGE AND
TO DETERMINE DISCHARGABILITY OF DEBT

　　Wolfgang Noack and Reliance Property Management, Inc., creditors of the Debtor and parties in interest in the above-captioned bankruptcy case and plaintiff in the above-styled action (collectively, "Plaintiff"), respectfully show the Court as follows:

BACKGROUND FACTS

1.　　This adversary proceeding is bought pursuant to 11 U.S.C. §§ 523), 727 to the extent applicable and Bankruptcy Rule 7001. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding relates to the case of *In re Anayansi Barbara Perez*, Case No. 09-33071-RAM, United States Bankruptcy Court, Southern District of Florida, Miami Division.

COMPLAINT - Page 1

2.  On October 24, 2009, Debtor, Anayansi Barbara Perez, filed for protection under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and by virtue of the voluntary petition under Chapter 7 of the Bankruptcy Code.

3.  Plaintiff Reliance Property Management, Inc. ("Reliance") is a corporation duly organized and existing pursuant to the laws of the State of Florida, engaged in the regular course of business, and has entered into contracts and performed or provided labor, services, and materials in Monroe County, Florida, including the labor, services, and materials that are the subject of this action.

4.  Plaintiff Wolfgang Noack ("Noack") is an adult individual who resides in Monroe County, Florida and is *sui juris*. Noack is the sole owner of Reliance.

5.  Defendant Perez is an adult individual who it is believed resides in Miami-Dade County, Florida and is *sui juris*.

6.  Perez is the record owner of that certain residential real property commonly known as 17260 Pinetree Lane, Sugarloaf Key, FL 33042, such located at Lot 55, Sugarloaf Shores, Section C, Plat No. 2, According to the Plat Thereof, as Recorded in Plat Book 3, Page 53 of the Official Public Records of Monroe County, Florida (the "Property").

7.  Noack and/or Reliance are tenants under the terms of a long-term unexpired lease of the property. Noack and/or Reliance have made payments of rent for the property to EMC Mortgage and/or Perez in excess of $72,000.00. In addition, Noack and/or Reliance have made substantial improvements to the property and collateral well in excess of $168,000.00, including ensuring that the property was in compliance with local ordinances. Due to Noack and /or

**COMPLAINT - Page 2**

Reliance's efforts, the property has been preserved and improved and they have preserved and/or enhanced the value of the asset and the putative mortgages on the property. Noack and/or Reliance are current occupants of the property and are on site.

9. Noack and/or Reliance additionally paid rent for the property in the amount of $72,000.00, including pre-paid rent through July, 2010.

10. On or about January 19, 2007, Perez purportedly entered into two mortgage transactions with Platinum Capital Group to secure allegedly indebtedness in the amount of $1,266,750.00 (purported first mortgage) and $168,900.00 (second mortgage). The mortgages were recorded in the Monroe County Records at Book 2272, Pages 2075 through 2094 and Book 2272, Pages 2095 through 2102.

11. Noack and Reliance would show that the purported mortgages at issue, together with the second mortgage on the property, are part of a scheme to defraud, and are exaggerated. Based on information provided by the Defendant at the creditor's meeting, among other things, the original mortgagor, Capital Platinum Group (together with an unknown woman by the name of Alba Frieto, the title company, and Mortgage Company or broker, and others) permitted Perez, a woman of limited financial resources, to obtain loans for "flipping houses" in the height of the real estate boom in the Keys. One of the purported mortgages at issue is for $1,266,750.00, and there is another purported second mortgage for $168,000.00 for the same property. The loans were made with knowledge that Defendant could not pay and did not have the capability to pay.

12. Defendant, by her own admission, gave her credit information to a complete stranger whom Defendant never met before while a nurse at Jackson Memorial. Perez never saw the property, and the entire transaction was not handled by her, according to her version of the

**COMPLAINT - Page 3**

events. Perez would simply be contacted by a "gentleman" and informed when the papers would be ready. According to Perez, Perez did not participate in the transaction and only lent her credit. Debtor was supposed to be paid money from the next sale of the property.

13. The participants engaged in a scheme to defraud and obtain loan proceeds at artificially inflated and fraudulent valuations. They engaged in real estate fraud and/or RICO violations. Noack and Reliance would show that they improved the property and are the innocent victims.

14. When the scheme became revealed at the creditor's meeting, the trustee required the Defendant, at the continued 341 meeting, to produce the closing statement for the property, her financial statement provided for the purchase, and a quit claim deed that the Defendant testified about, at a minimum. When the 341 meeting re-convened, however, the Defendant did not personally appear, Noack and Reliance were unable to question her, and she wholly failed to produce any documents that the trustee required, only producing documents pertaining to the property allegedly recorded in the Monroe County official records.

## COUNT ONE

15. Noack and/or Reliance, at the behest of Perez and/or Perez's authorized agent and due to the terms of purported mortgages against the property, made improvements and repairs to the property. In addition, Perez and/or Perez's authorized agent made representations to Noack and Reliance as to the status of the property and, in justifiable reliance on those representations, entered into the lease transaction. The improvements and repairs, in whole or in part, were additionally made with the knowledge, constructive or actual, of the alleged note holder and mortgage holder.

**COMPLAINT - Page 4**

16.     Defendant defrauded Noack and Reliance and fraudulently induced them to enter into the transaction and lead Noak and Reliance to believe that Perez could properly sell the property to Noack and Reliance.

17.     Due to the fraud perpetrated on Noack and Reliance, they request that their claim be excepted from discharge pursuant to 11 U.S.C. § 523.

## COUNT TWO

18.     Debtor likewise should be denied a discharge because the Defendant gave false responses and omitted material information from her bankruptcy schedules. Debtor deliberately omitted Noack and Reliance, among other things.

19.     Debtor's false responses and material omissions were knowingly and fraudulently made within the purview of 11 U.S.C. § 727.

Wherefore, Plaintiffs respectfully request that the Court deny the Defendant Debtor a discharge and alternatively exempt from discharge Noack's and Reliance's claims against Debtor for all amounts owed to Noack and Reliance.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this ___ day of January, 2010, United States mail, postage pre-paid and properly addressed on the following:

**COMPLAINT - Page 5**

Robert Sanchez, Esq.
900 West 49th Street, #500
Hialeah, FL 33012

Ms. Anayansi Barbara Perez
1275 W. 35th Street, Apt. 46B
Hialeah, FL 33012

Ms. Anayansi Barbara Perez
3122 NW 75th Street
Miami, FL 33147

DOROTHY J. HARDEN
ATTORNEY AT LAW
88101 Overseas Highway
Islamorada, FL 33036
Mailing address: P.O. Box 370441
Key Largo, FL 33037
Telephone: (305) 852-3533
Facsimile: (305) 852-3534

By: /s/ Dorothy J. Harden
DOROTHY J. HARDEN
Florida Bar No: 0033571

ATTORNEY FOR WOLFGANG NOACK
AND RELIANCE PROPERTY
MANAGEMENT, INC.

**COMPLAINT - Page 6**

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Wolfgang Noack and Reliance Property Management, Inc. | **DEFENDANTS** Anayansi Barbara Perez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Dorothy J. Harlen, Attorney at Law P.O. Box 370441, Key Largo, FL 33037 | **ATTORNEYS** (If Known) Robert Sanchez, Esq. 900 West 49th Street #500 Hialeah, FL 33012 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR *Thayansi Barbara Perez* || BANKRUPTCY CASE NO. *09-33071-RAM* ||
| DISTRICT IN WHICH CASE IS PENDING *Southern District of Florida* || DIVISION OFFICE *Miami-Dade* | NAME OF JUDGE *Mark* |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Dorothy J. Harden* ||||
| DATE *1/22/10* || PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Dorothy J. Harden* ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.